UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIAN PELLECIER,<br><br>                              Plaintiff,<br><br>     -against-<br><br>STATE POLICE INVESTIGATOR JOSEPH MARTI,<br><br>                              Defendant. | COMPLAINT<br><br>Docket No.: 21-CV-4287 |

The Plaintiff, Julian Pellecier, complaining of the defendant through his attorney Alexander Klein, Esq., of Barket Epstein Kearon Aldea & LoTurco, LLP, respectfully shows to this Court and alleges that he was deprived of his civil rights and sustained injury as a result of this deprivation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims in this action arise under 42 U.S.C. § 1983.

2. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose, and in which the Defendant resided or conducted business.

## PARTIES

3. Plaintiff, Julian Pellecier, is a member of and resides within the Shinnecock Indian Nation, which in relevant part owns land that is otherwise considered to be a part of Suffolk County in the State of New York.

4. Defendant New York State Police Investigator Joseph Marti ("the Defendant") was at all relevant times a police investigator in the New York State Police and acting under color of state law. He is sued here in his individual capacity.

## FACTS

5. On August 1, 2018, the Defendant signed and submitted an application for a warrant to search, *inter alia*, a 2008 White Mercedes Benz located at or around 145 Old Point Road (the "Search Warrant").

6. In the Search Warrant, the Defendant alleged the existence of a "confidential source."

7. According to the Search Warrant, the "confidential source" told "members of the NYSP" that Plaintiff kept a handgun in the hood of the 2008 White Mercedes Benz (the "Mercedes Benz").

8. The Search Warrant did not identify the alleged confidential source.

9. The Search Warrant did not address why the Defendant considered the alleged confidential source to be credible.

10. The Search Warrant did not address the veracity of the alleged confidential source.

11. The Search Warrant did not address the basis of knowledge of the alleged confidential source.

12. The Search Warrant did not establish probable cause to search the Mercedes Benz.

13. The Defendant knew that the Search Warrant did not establish probable cause to search the Mercedes Benz.

14. The Defendant knew that the Search Warrant was missing basic information about the alleged confidential source that was required in order to obtain a valid warrant.

15. At no time did law enforcement identify the alleged confidential source for the Plaintiff.

16. On information and belief, there was no such confidential source.

17. The existence of such a confidential source was a material basis for the Hon. Richard Ambro's decision in issuing a search warrant.

18. The Defendant secured the Search Warrant through fraud, perjury, and bad faith, putting the goals of finding evidence against Plaintiff above the lawful obligations for sincerity and truthfulness in a warrant application.

19. On or about August 3, 2018, the Defendant and others executed a search while claiming to act pursuant to the Search Warrant.

20. At all relevant times, the Defendant knew that he had secured the Search Warrant unlawfully.

21. During the execution of the Search Warrant, the Defendant and others searched not only the 2008 White Mercedes Benz, but also a red Mitsubishi Lancer (the "Mitsubishi Lancer").

22. There was no lawful basis to search the Mitsubishi Lancer.

23. The Search Warrant did not identify any particularized basis to search the Mitsubishi Lancer.

24. On or about June 21, 2019, the New York State Supreme Court, County of Suffolk (Hon. Mark D. Cohen) issued a decision suppressing all evidence gathered from the Mercedes Benz and the Mitsubishi Lancer.

25. The search of the Mercedes Benz was a violation of Plaintiff's rights against unreasonable searches under the Fourth Amendment to the United States Constitution.

26. The search of the Mitsubishi Lancer was a violation of Plaintiff's rights against unreasonable searches under the Fourth Amendment to the United States Constitution.

## CAUSES OF ACTION:

### FIRST:  UNLAWFUL SEARCH OF THE MERCEDES BENZ IN VIOLATION OF 42 U.S.C. §1983.

27. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

28. The Defendant executed a search of vehicles in which Plaintiff had a reasonable expectation of privacy.

29. The Defendant secured a warrant to search the Mercedes Benz through fraud, perjury, and bad faith.

30. The Defendant did not have probable cause to secure a warrant to search the Mercedes Benz.

31. The Defendant knew he did not have probable cause to secure a warrant to search the Mercedes Benz.

32. The Defendant made knowing and material misstatements of fact in the application to search the Mercedes Benz.

33. The Defendant's search of the Mercedes Benz was unreasonable.

34. There was no applicable exception to the warrant requirement to search the Mercedes Benz.

35. The Plaintiff was harmed as a consequence of the Defendant's unlawful search of the Mercedes Benz.

36. The Plaintiff's privacy was violated as a consequence of the Defendant's unlawful search of the Mercedes Benz.

37. The Plaintiff is entitled to compensatory damages commensurate with the damages caused by the Defendant's unlawful and unreasonable search of the Mercedes Benz.

4

38. The Plaintiff is entitled to punitive damages in light of the reprehensible nature of the Defendant's conduct.

39. The Plaintiff is entitled to attorneys' fees arising under 42 U.S.C. §1988(b).

### SECOND:  UNLAWFUL SEARCH OF THE MITSUBISHI LANCER IN VIOLATION OF 42 U.S.C. § 1983

40. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

41. The Defendant executed a search of vehicles in which Plaintiff had a reasonable expectation of privacy.

42. The Defendant did not have a warrant to search the Mitsubishi Lancer.

43. The Defendant knew or should have known he did not have a warrant to search the Mitsubishi Lancer.

44. The Defendant's search of the Mitsubishi Lancer was unreasonable.

45. The Defendants lacked probable cause to justify a search of the Mitsubishi Lancer.

46. There was no applicable exception to the warrant requirement to search the Mitsubishi Lancer.

47. The Plaintiff was harmed as a consequence of the Defendant's warrantless and illegal search of the Mitsubishi Lancer.

48. The Plaintiff's privacy was violated as a consequence of the Defendant's warrantless and illegal search of the Mitsubishi Lancer.

49. The Plaintiff is entitled to compensatory damages commensurate with damages caused by the Defendant's unlawful and unreasonable search of the Mitsubishi Lancer.

50. The Plaintiff is entitled to punitive damages in light of the reprehensible nature of the Defendant's conduct.

51. The Plaintiff is entitled to attorneys' fees arising under 42 U.S.C. §1988(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

    A.    That the Court award compensatory damages to Plaintiff in an amount to be determined at trial;

    B.    That the Court award punitive damages to Plaintiff in an amount to be determined at trial that will deter such conduct by defendants in the future;

    C.    That the Court award attorney's fees pursuant to 42 U.S.C. § 1988(b);

    D.    For a trial by jury;

    E.    For a pre-judgment and post-judgment interest and recovery of their costs; and

    F.    For any and all other relief to which they may be entitled.

Dated: Garden City, New York
       July 30, 2021

**BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

By: _____
Alexander Klein, Esq.
666 Old County Road, Suite 700
Garden City, N.Y. 11530
(516) 745-1500