C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JULIAN PELLECIER,                              :
                                               :   **MEMORANDUM DECISION AND**
                           Plaintiff,         :   **ORDER**
                                               :
          - against -                   :   21-cv-4287 (BMC)
                                               :
                                               :
JOSEPH MARTI,                                  :
                                               :
                                               :
                           Defendant.         :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff *pro se* has brought this action claiming that defendant, a New York State Police investigator, signed an application for a warrant resulting in the search of plaintiff's property. Plaintiff refers to the application or the warrant as a "forged instrument" that defendant "unlawfully used," and that defendant obtained the warrant through "fraud, perjury, and bad faith," although there are no details about why plaintiff has reached these conclusions. The amended complaint contains two causes of action, one for "[U]ttering a False Instrument," and the other for "Property Damage," including "intentional infliction of emotional distress [] through abuse of process and malicious prosecution." The case is before the Court on defendant's motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(1), Rule 12(b)(1), and Rule 9. The motion is granted for the reasons set forth below.

    **I.**    **Rule 12(b)(1): Lack of subject matter jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction under

Rule 12(b)(1) is appropriate "when the district court lacks the statutory or constitutional power to adjudicate" the case. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A district court must dismiss a complaint if the court determines that it does not have subject matter jurisdiction to hear the action. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In this analysis, the court must construe "all ambiguities and draw[ ] all inferences" in the plaintiff's favor. Id.

Although a court must construe a *pro se* litigant's pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Wilber v. U.S. Postal Serv., No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

One of the most utilized avenues for invoking this Court's jurisdiction is referred to as "federal question jurisdiction." This occurs when a plaintiff alleges a claim that arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Here, however, plaintiff's amended complaint does not refer to, let alone show any colorable basis for a claim under, any provision of federal law. His jurisdictional allegation is simply that: "This Court has jurisdiction to hear this matter." But he doesn't say why.

In opposing defendant's motion to dismiss, plaintiff asserts that his claim arises under 18 U.S.C. § 471. That statute criminalizes "forgery", i.e. counterfeiting, of money. By its terms, it does not apply to this case, because plaintiff is not accusing defendant of counterfeiting money. He is accusing defendant of doing something wrong with an affidavit or warrant. An affidavit or warrant is not money.

Even if the statute did apply, it only allows a criminal prosecution by the United States Government. It does not permit a private plaintiff to sue for money damages. See Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints."); Ojeda v. Mendez, No. 20-cv-3910, 2021 WL 66265, at *3 (E.D.N.Y. Jan. 7, 2021) (dismissing claim under 18 U.S.C. § 471 because a private party cannot sue for counterfeiting); O'hara v. Mortgageit, Inc., No. 18-cv-1672, 2019 WL 4645986, at *7 (D. Conn. Sept. 24, 2019) (same).

Although plaintiff has failed to plead a basis for invoking this Court's subject matter jurisdiction, it is possible that he is trying to assert a claim for a violation of 42 U.S.C. § 1983. That statute, among other things, creates a private right of action for the deprivation of constitutional rights, including the Fourth Amendment right to be free from unreasonable searches and seizures. To plead a claim under section 1983, plaintiff would have to set forth facts showing that "the conduct complained of must have been committed by a person acting under color of state law", Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted), and that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Because plaintiff has failed to validly invoke this Court's jurisdiction, the amended complaint must be dismissed.

II.     **Rules 12(b)(6) and Rule 9: Failure to state a claim**

Even if the Court had subject matter jurisdiction over this case, it would have to grant defendant's motion to dismiss because the amended complaint fails to state a claim.

To comply with Federal Rule of Civil Procedure 8 and therefore to survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citations omitted). Said otherwise, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In conducting the above analysis, the Court must accept as true all the well-pled allegations contained in the complaint. Iqbal, 556 U.S. at 678. But this tenet "is inapplicable to legal conclusions." Id. "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Moreover, because plaintiff appears to be pleading fraud, his complaint is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy this Rule, a complaint alleging fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements

4

were fraudulent." United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d Cir. 2016) (internal quotation marks omitted).

Plaintiff's amended complaint meets none of these requirements. The Court cannot discern, and doubts that defendant can discern, what it is that plaintiff thinks defendant did wrong, other than it has something to do with an application for a warrant. All plaintiff has done is toss around conclusory terms – "forged instrument;" "unlawfully used;" and "fraud, perjury and bad faith." Plaintiff's amended complaint does not explain in what conduct defendant engaged that resulted in a forged instrument or what defendant did that was "unlawful" or what defendant said that constituted "perjury." Regarding "fraud," the amended complaint does not identify what the false statement was; by whom and to whom it was made; when it was made; and why the statement was "fraudulent." And if plaintiff meant something different by "bad faith," there is no way to know.

Because the amended complaint fails to state a claim, defendant's motion to dismiss must be granted.

### III.     Leave to Amend

A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Here, there are two reasons that might warrant denying leave to amend. First, as defendant points out, plaintiff has already filed an amended complaint. However, plaintiff amended voluntarily, not in response to any Order of the Court, and thus has not had the opportunity to address the basis of defendant's motion or of this Order. Second, it is hard to conclude that the amended complaint "gives any indication" that a valid

5

claim might be stated. All the Court knows from the amended complaint is that plaintiff was either arrested or his property was searched or seized. But thousands of people each year are subject to arrest or search warrants, and most such arrests and searches raise no illegality. Thus, that fact alone – and that is all plaintiff has pled – is insufficient to indicate that plaintiff has a valid claim.

Nevertheless, considering plaintiff's *pro se* status, the Court will give him one further opportunity to properly invoke this Court's subject matter jurisdiction and plead a plausible claim. If plaintiff wants to file an amended complaint, he may do so, but that complaint must comply with the following directives:

1. The new complaint must be labeled "SECOND AMENDED COMPLAINT." This second amended complaint will completely supersede and replace plaintiff's prior two complaints. In other words, plaintiff is not permitted to rely on his prior complaints; he must start anew and the filing he makes must stand on its own merit without regard to the prior complaints.

2. Plaintiff's second amended complaint must validly invoke the Court's subject matter jurisdiction. See Point I, above.

3. Plaintiff's second amended complaint must state a plausible claim. See Point II, above.

4.     Plaintiff must file the second amended complaint by August 1, 2022, failing which this action will be dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 8, 2022