C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JULIAN PELLECIER,                          :
                                             :   MEMORANDUM DECISION AND
                          Plaintiff,         :   ORDER
                                             :
            - against -                      :   21-cv-4287 (BMC)
                                             :
                                             :
  JOSEPH MARTI,                              :
                                             :
                          Defendant.         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a *pro se* action brought under 28 U.S.C. § 1983 for unlawful search, false imprisonment, false arrest, malicious prosecution, and intentional infliction of emotional distress. Plaintiff Julian Pellecier[1] contends that defendant Joseph Marti ("Inv. Marti"), a New York State Police investigator, obtained and helped execute a search warrant on plaintiff's property without probable cause, and then effected the wrongful seizure of plaintiff's property. Plaintiff has moved for summary judgment and defendant has cross-moved.

Most of plaintiff's claims fail because there is no evidence that this defendant had any involvement in the alleged conduct underlying those claims. The remainder of the claims – obtaining a search warrant that included a specific automobile and searching that automobile, as well as searching another automobile that was not explicitly listed in the warrant – were proper under the record before me. Accordingly, defendant's motion is granted and plaintiff's is denied.

---

[1] In his papers, plaintiff sometimes refers to himself as "Julian~Shoju: Pellecier" and various iterations thereof. The Court refers to him herein as Julian Pellecier or plaintiff.

## BACKGROUND

Defendant Inv. Marti signed and presented an affidavit for a search warrant to a New York State Criminal Court Judge. The affidavit made the following representations:

- Inv. Marti had been a police officer for 21 years, an investigator for 14 years, and in those capacities, had participated in "numerous" investigations and arrests for marijuana-related crimes.
- A fellow police officer, Trooper Luigini, advised Inv. Marti that he (Luigini), together with other troopers, had served a summons on plaintiff at his home a few days before Inv. Marti applied for the search warrant. The summons was to answer a charge for harassment in the second degree. According to Inv. Marti's affidavit, Trooper Luigini advised Inv. Marti that when he served the summons, the following occurred:
    - Trooper Luigini observed 20-30 marijuana plants on plaintiff's property and, upon plaintiff realizing that Trooper Luigini had seen them, said, "Don't f---'ing worry about that, that's legal s---;"
    - As the trooper turned to leave after serving the summons, plaintiff became agitated and shouted that the troopers weren't allowed on the property; that they were trespassing; that his land was "technically another country;"[2] and
    - When the troopers returned to their cars after serving the summons, plaintiff stated that he had multiple firearms, he was a two-time felon, and the next time they came back to his property, he would shoot them.
- Inv. Marti's affidavit went on to state that a "confidential source" told "members of the NYSP" that plaintiff kept a handgun under the hood of his 2008 White Mercedes Benz, NY Reg HSR2183.
- In addition to the Mercedes, the property also contained a tan Jeep Cherokee with no plates and a gray 2005 Chrysler 300, Reg HVS2722.
- Plaintiff had five criminal convictions, including: (1) attempted criminal weapons possession second degree for a loaded firearm (five years' incarceration); (2) attempted grand larceny fourth degree (time served); (3) assault second degree with intent to cause physical injury with a weapon (1.5-3 years' incarceration); unauthorized use of a motor vehicle (5 years' probation).

Building on these factual allegations, Inv. Marti's affidavit recited his conclusion that there was probable cause to believe that there were marijuana plants and a firearm at plaintiff's home; that Inv. Marti's experience in drug and firearms cases caused him to believe that there

---

[2] Plaintiff asserts that he is a Native American and that his homestead is not subject to governmental control.

would be cash, books, records, cell phones, firearms, and other evidence of contraband reflecting the illegal drug business at plaintiff's property; and that without a no-knock warrant, the evidence could be destroyed and police officers would be endangered.

The warrant signed by the court, which referenced and annexed the affidavit, defined the scope of the search as plaintiff's person and the "entirety of the premises" at plaintiff's address. The warrant, paralleling the affidavit, then gave a physical description of the premises, and further noted that there were three cars in the driveway: the Mercedes, a tan Jeep Cherokee, and a Chrysler 300. The materials authorized to be seized also paralleled those requested in the affidavit, namely, marijuana, cash proceeds and records of the drug business, cellular telephones, and drug paraphernalia.

When Inv. Marti and other policer officers executed the warrant, they saw that the cars on the property did not fully conform to those described in the warrant in that the Chrysler was not on the property and there was a red Mitsubishi Lancer on the property. (Discovery showed that plaintiff had driven the Chrysler off the property before the search.) Inv. Marti searched the Mercedes, as expressly provided for in the warrant, and the Jeep, finding marijuana in the latter. The officers searched the Mitsubishi and found marijuana and a gun inside. The officers also found additional live plants, later confirmed to be cannabis, and items containing marijuana.

A grand jury charged plaintiff with criminal possession of marijuana, criminal possession of a weapon, growing cannabis without a license, criminal possession of a controlled substance, and two violations. However, a hearing judge granted a motion to suppress the gun and the "evidence seized from the Mercedes."[3]

---

[3] There is nothing in the record before this Court indicating that any evidence was seized from the Mercedes.

3

Upon disposition of the state court proceeding, plaintiff commenced this action. The complaint has six claims for relief: (1) unlawful search of the Mercedes; (2) unlawful search of the Mitsubishi; (3) malicious prosecution; (4) false imprisonment; (5) false arrest; and (6) intentional infliction of emotional distress.

**DISCUSSION**

**I.     The Warrant and the Search of the Mercedes**

Plaintiff first contends that Inv. Marti violated his Fourth Amendment rights by obtaining, and then executing, a warrant permitting the search of the Mercedes. The basis of this alleged violation is that Inv. Marti knew, or should have known, that to obtain a valid warrant based on a confidential source ("CS"), the supporting affidavit must set forth facts showing reason to believe that the source is credible. I need not reach this issue because it is clear that Inv. Marti is protected by qualified immunity.

"A state actor charged under § 1983 with violating a plaintiff's constitutional rights is entitled to have [an] action dismissed on the basis of qualified immunity if at the time of the challenged conduct there was no clearly established law that such conduct constituted a constitutional violation." Myers v. Patterson, 819 F.3d 625, 632 (2d Cir. 2016). "[Q]ualified immunity attaches if it was objectively reasonable for the officer to believe that his actions were lawful at the time of the challenged act." Id. (cleaned up).

First, assuming *arguendo* that the state court ruled correctly that the lack of particulars relating to the CS rendered the warrant invalid, it is still not as if the affidavit contained *no* corroboration of the CS's information. The CS correctly identified the Mercedes by its color and license plate number. Second, according to Inv. Marti's affidavit, Trooper Luigini had told him that plaintiff had threatened to shoot him (Luigini) if he returned and that he had multiple

4

firearms with which to do it. That suggested that the CS knew whereof he spoke when he identified a location for a weapon. Third, Inv. Marti obtained and in an affidavit recited plaintiff's criminal history, which included attempted possession of a loaded firearm and assault. When these three facts are added to the information supplied by the CS, they were at least arguably sufficient to corroborate him and to give rise to probable cause for the issuance of the warrant to search the Mercedes.

Although plaintiff makes many conclusory assertions that Inv. Marti's affidavit was full of lies, there is no evidence of that in the record before me. Inv. Marti was entitled to rely on what Trooper Luigini told him, at least in the absence of obvious falsehoods which, again, are not in the record here. It is not as if plaintiff can raise an issue that any of the statements in the affidavit were deliberately false – the CS was wrong about the gun being in the Mercedes, as it was in the Mitsubishi, but that does not suggest a deliberate falsehood – or that Inv. Marti left out information which, if disclosed to the issuing judge, would have resulted in denial of authority to search the Mercedes. A reasonable, competent officer could rely on the information set forth in the affidavit to obtain a warrant to search the Mercedes and conduct that search, even if the corroboration of the CS was not as fulsome as it could have been. Therefore, that conduct was protected by qualified immunity.

## II.     The Search of the Mitsubishi

Plaintiff argues that the search of the Mitsubishi fell outside the scope of the search warrant, as that warrant did not explicitly reference the Mitsubishi. Defendant responds that the search warrant enabled the officers to search the "entire premises" of plaintiff's address, which included any vehicles contained therein. If defendant is correct that an "entire premises" warrant establishes probable cause to search cars parked near the subject property of a warrant, then

5

plaintiff's § 1983 claim must fail, as the Mitsubishi search would not have violated his Fourth Amendment rights.[4]

However, there is no need to decide that question, as Inv. Marti is protected by qualified immunity with respect to the Mitsubishi search. As previously stated, there was probable cause to believe that there was marijuana and a firearm on plaintiff's property. Before searching the Mitsubishi, the officers had already discovered marijuana in the house and the Jeep, providing further cause (in addition to the warrant) to believe that a firearm or more marijuana could be hidden elsewhere on plaintiff's property. Since the officers had found contraband in one vehicle on the property, it was reasonable to assume that additional contraband could be hidden in a second vehicle on the same property, even if that vehicle was not the one identified in the warrant.

At the time of the search, there was no clearly established law prohibiting the search of a car on a property in connection with a warrant that provided grounds to search the "entire premises." Considering the other contraband that Inv. Marti had already uncovered and his suspicion that plaintiff had a firearm on the property (which was supported by the CS and plaintiff's own statements), it was objectively reasonable for Inv. Marti to believe that the search of the Mitsubishi was lawful at the time he conducted it. Therefore, that search is protected by qualified immunity and plaintiff's claim fails.

---

[4] The record is somewhat contradictory regarding Inv. Marti's involvement in the Mitsubishi search. Defendant's brief in support of his motion for summary judgment states that he was not involved in the Mitsubishi search, but the brief also refers to "Defendant Marti's search of the Mitsubishi." To avoid any confusion, the following analysis assumes that Inv. Marti was sufficiently involved in the Mitsubishi search to expose him to liability, if the Mitsubishi search violated plaintiff's rights and defendant was not protected by qualified immunity.

### III. Remaining Claims

As to the claims for false arrest, false imprisonment, and malicious prosecution, there is no evidence in the record before me that Inv. Marti personally participated in any of the events about which plaintiff is complaining. For Fourth Amendment purposes, personal involvement is the *sine qua non* of constitutional liability. See, e.g., Strong v. Watson, No. 22-cv-552, 2023 WL 8439445, at *9 (W.D.N.Y. Sept. 26, 2023) ("to succeed on a § 1983 claim based on a Fourth Amendment violation grounded in false arrest, plaintiff must allege plausible facts to show or infer that defendants were directly involved in his arrest").

Other than serving the search warrant and searching the property, there is no evidence that Inv. Marti had any personal involvement in arresting or detaining plaintiff or initiating his prosecution. Other officers did all of that. See Bailey v. City of New York, 79 F. Supp. 3d 424, 448-49 (E.D.N.Y. 2015) ("To establish the first element of malicious prosecution, a plaintiff must show that the defendant "play[ed] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.") (cleaned up). Therefore, plaintiff's claims for false arrest, false imprisonment, and malicious prosecution fail.

Finally, plaintiff's intentional infliction of emotional distress claim fails because, even considering the record in the light most favorable to plaintiff, there is nothing to suggest the kind of grossly reckless or intentional and outrageous conduct required for liability under that claim. See Robles v. Cox & Co., 841 F. Supp. 2d 615, 630 (E.D.N.Y. 2012).

### CONCLUSION

Defendant's [64] motion for summary judgment is granted and plaintiff's [70] motion for summary judgment is denied.[5] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

---

[5] Plaintiff also filed a motion to strike defendant's motion for summary judgment because proof of service of defendant's motion was not filed on the docket. However, defendant served a copy of the motion on plaintiff via

7

appeal from this decision would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
January 29, 2024

---

mail and email, and plaintiff timely opposed that motion, indicating he timely received it.  Plaintiff therefore has not been prejudiced by defendant's failure to file proof of service, so plaintiff's [74] motion to strike is denied.